UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Melvin Dickerson, Jr.,

    Plaintiff,

vs.

Sundiata Bronson in his individual capacity as an officer of the Minneapolis Police Department and the City of Minneapolis,

    Defendants.

Case No. _____

COMPLAINT

JURY TRIAL DEMANDED
UNDER FRCP 38(b)

---

For his Complaint, Plaintiff Melvin Dickerson, Jr. ("Dickerson") hereby states and alleges as follows:

1. This is an action for money damages for injuries sustained by Dickerson as a result of the use of excessive force, unreasonable seizure, and violation of his constitutional rights by the defendants.

2. Dickerson brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment of the United States Constitution, and 28 U.S.C. §§ 1331 and 1342(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

3. Dickerson, a 46 year-old black man, is and was at all times material herein, a citizen of the United States and a resident of the State of Minnesota.

4. Defendant Sundiata Bronson ("Bronson"), upon information and belief, was, at all times material herein, a citizen of the United States and a resident of the State of Minnesota, duly appointed and acting as an officer of the Minneapolis Police Department.

5. Defendant City of Minneapolis is a municipality duly incorporated under the laws of the State of Minnesota.

6. On October 29, 2011 at around 11:30 p.m. Dickerson attempted to enter Lee's Liquor Lounge ("Lee's) in Minneapolis.

7. A bouncer from Lee's refused to admit Dickerson.

8. Dickerson asked to enter Lee's to speak to a manager and resolve the problem with the bouncer when the bouncer sprayed mace into Dickerson's eyes at very short range.

9. The mace temporarily blinded Dickerson and he sat on the curb outside Lee's. A patron outside Lee's called the police to report the bouncer's assault on Dickerson and to request an ambulance for Dickerson.

10. Defendant Bronson and his partner, Joshua Stewart, were dispatched to Lee's shortly after 11:35 p.m. and were advised that a bouncer had just sprayed the victim (Dickerson) with mace at close range.

11. Stewart spoke with Dickerson who informed Stewart that the bouncer had sprayed Dickerson with mace for no reason. Stewart then directed Dickerson to wait by Stewart's squad.

12. Bronson first spoke with the bouncer from Lee's who had sprayed Dickerson with mace and got his version of events.

13. Bronson then briefly spoke with Dickerson and directed Dickerson to leave the scene.

14. Being asked to leave the public sidewalk upset Dickerson as he had every right to remain there and he felt he was being treated as the trouble-maker when he was the victim of the assault by mace.

15. Bronson took physical control of Dickerson by grabbing him by the back of his shirt and started to walk Dickerson away from Lee's. Bronson also grabbed Dickerson's right wrist.

16. Bronson then rammed Dickerson front-first into a large window on the front of Lee's, which shattered.

17. The shattered window caused significant lacerations to the left-side of Dickerson's face, just above the eye as well as his left wrist and left 4th finger. The lacerations are shown below:



18. Stewart then called EMS for Dickerson as HCMC EMS had previously left the scene. Dickerson was taken by ambulance to HCMC.

3

19. HCMC doctors cleaned and stitched all three lacerations to Dickerson and took assault photographs. Doctors noted that Dickerson's eye laceration was 2.5 cm, the finger laceration was 3.5 cm, and the wrist laceration was 1.5 cm long. The lacerations required a total of 22 sutures to close.

20. Bronson cited Dickerson with criminal trespass, obstruction and open bottle (which was found incident to arrest and after the force was used). All of the charges against Dickerson were dismissed.

21. The force Defendant Bronson used on Dickerson was unauthorized, excessive, and constitutionally improper.

22. The force Defendant Bronson used on Dickerson was malicious and conducted for the very purpose of causing pain and/or injury.

23. Defendant Bronson tried to cover up his misconduct by filing a false and misleading police report in this matter.

24. Dickerson never physically threatened Bronson or Stewart.

25. The severity of any potential crime at issue was negligible as Dickerson was the reported victim of an assault and had at most been asked to leave a public sidewalk.

26. Dickerson did not pose an immediate threat to the safety of any of the police officers or others at any time; rather, he was still having difficulty seeing and was the victim of an assault by mace.

27. Dickerson did not attempt to evade arrest by flight and did not actively resist arrest.

28. Finally, Defendant Bronson and his partner Stewart were armed with various weapons while Dickerson had no weapon.

29. Plaintiff demands a jury trial as to all issues of fact herein.

## COUNT ONE
### UNREASONABLE SEIZURE AND EXCESSIVE FORCE
### BY DEFENDANT SUNDIATA BRONSON

30. Plaintiff realleges and incorporates by reference each and every allegation contained in each paragraph above as though fully set forth herein.

31. Defendant Bronson violated Plaintiff's Fourth Amendment right to be free from excessive force and unreasonable seizure by physically grabbing and then ramming Dickerson front-first into a glass window even though he was not resisting, fleeing, or a danger to himself or others, and even though he had not committed any crime.

32. By the actions described above, Defendant Bronson, under the color of state law, violated and deprived Dickerson of his clearly established and well-settled rights to be free from unreasonable seizures and excessive force.

33. Defendant Bronson subjected Dickerson to this deprivation of rights either maliciously or acting with reckless disregard for whether Plaintiff's rights would be violated by these actions.

34. As a direct and proximate result of the acts and omissions of Defendant Bronson, Dickerson suffered serious injury, was forced to endure pain and mental suffering, humiliation, and embarrassment and was thereby damaged in an amount yet to be determined, but believed to be well in excess of One Hundred Thousand Dollars ($100,000.00).

35. Punitive damages are available against Defendant Bronson and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such are not subject to the differing pleading standard set forth in Minn. Stat. § 549.20.

36. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988.

## COUNT TWO
## CIVIL RIGHTS VIOLATION
## BY DEFENDANT CITY OF MINNEAPOLIS

37. Plaintiff realleges and incorporates by reference each and every allegation contained in each paragraph above as though fully set forth herein.

38. Defendant City of Minneapolis intentionally, knowingly, recklessly, or with deliberate indifference to the rights of citizens, failed to supervise, instruct, and train, including through proper discipline, Defendant Bronson to refrain from performing unreasonable seizures and using excessive force.

39. Before October 29, 2011, Defendant City of Minneapolis, with deliberate indifference to the rights of citizens, initiated, tolerated, permitted, failed to correct, promoted, and ratified a custom, pattern and practice on the part of its police personnel, including Defendant Bronson of performing unreasonable seizures and using excessive force.

40. As of October 29, 2011, Defendant City of Minneapolis maintained a custom and practice of deliberate indifference to the performance of unreasonable seizures and use of excessive force by its officers.

41. As a direct result of the acts and omissions, systematic flaws, policies and customs of Defendant City of Minneapolis, Dickerson suffered injuries, was forced to endure unnecessary pain and mental suffering, and was thereby damaged in an amount yet to be determined, but believed to be well in excess of One Hundred Thousand Dollars ($100,000.00).

42. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988.

WHEREFORE, plaintiff Melvin Dickerson, Jr. prays for judgment against Defendants Sundiata Bronson and City of Minneapolis as follows:

1. As to Count One, a money judgment for compensatory damages in an amount in excess of One Hundred Thousand ($100,000) Dollars and punitive damages in an amount to be determined by the jury, together with costs, including reasonable attorney fees, under 42 U.S.C. § 1988 and prejudgment interest;

2. As to Count Two, a money judgment for compensatory damages in an amount in excess of One Hundred Thousand ($100,000) Dollars to be determined by the jury, together with costs, including reasonable attorney fees, under 42 U.S.C. § 1988 and prejudgment interest;

3. For such other and further relief as this Court deems just and equitable.

GASKINS BENNETT BIRRELL SCHUPP LLP

Dated: 2/26/13.

*/s/ Ryan O. Vettleson*

Robert Bennett, #6713
Ryan O. Vettleson, #312915
Kathryn H. Bennett, #392087
333 South Seventh Street, #2900
Minneapolis, MN 55402
Telephone: 612-333-9500
rbennett@gaskinsbennett.com
rvettleson@gaskinsbennett.com
kbennett@gaskinsbennett.com
Attorneys for Plaintiff

7